UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-23380-BLOOM/Elfenbein

RAZIEL OFER,

    Plaintiff,

v.

BEATRICE BUTCHKO,

    Defendant.
_____/

## ORDER DENYING MOTION TO REOPEN

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Reopen Case ("Motion"), ECF No. [16], filed on July 2, 2025. The Court has considered the Motion, the record, the applicable law, and is otherwise fully advised. For the following reasons, the Motion is denied.

**I.    BACKGROUND**

Plaintiff filed the instant action on August 30, 2024. ECF No. [1]. Defendant filed a Motion to Dismiss on December 6, 2024, generating a response date of December 20, 2024. ECF No. [13]; *see* S.D. Fla. L.R. 7.1(c)(1) ("For all motions . . . each party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."). Plaintiff failed to timely respond to the Motion to Dismiss or request an extension of time by which to do so. On December 27, 2024, the Court dismissed the action, stating "[p]ursuant to Local Rule 7.1(c)(1), Plaintiff['s] failure to respond to Defendant['s] Motion[] is 'sufficient cause for granting the motion by default.'" ECF No. [14] at 1. The Order dismissing the action was docketed on December 30, 2024. ECF No. [14]. Plaintiff now seeks to reopen the case "based upon new

evidence and reconsideration." ECF No. [16] at 1. Plaintiff states that he "answered the motion to dismiss on Dec. 30, 2024, the same day the order was entered into the record." ECF No. [16] at 2. He argues that he "seeks to reopen this matter and have the motion to dismiss adjudicated because he was not notified of the actual dismissal of the matter prior to filing his response to the motion to dismiss." *Id.*

## II. LEGAL STANDARD

"While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a Motion to Alter or Amend Judgment under Rule 59(e) or a Motion for Relief from Judgment under Rule 60(b)." *Dingman v. Cart Shield USA, LLC*, No. 12-cv-20088, 2013 WL 2034984, at *2 (S.D. Fla. May 14, 2013) (citing *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n. 5 (11th Cir. 1993)).

Federal Rule of Civil Procedure 59(e) permits a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Relief is proper under Rule 59(e) only if the party presents newly discovered evidence or demonstrates a manifest error of law or fact." *Marques v. JP Morgan Chase, N.A.*, 805 F. App'x 668, 670 (11th Cir. 2020) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

Under Federal Rule of Civil Procedure 60(b), "courts may relieve a party from a judgment or order on several grounds, including (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment is no longer in effect; and (6) 'any other reason that justifies relief.'" *Marques*, 805 F. App'x at 671 (quoting

Fed. R. Civ. P. 60(b)). For a Rule 60(b) motion for relief from judgment to be successful under the catchall provision—Rule 60(b)(6)—the movant "must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is . . . a matter for the district court's sound discretion.'" *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

### III.   DISCUSSION

Because more than 28 days have passed from the Court's dismissal of the Complaint, Plaintiff may not file a Motion to Alter or Amend Judgment under Rule 59(e). Fed. R. Civ. P. 59(e). Therefore, the Court will analyze Plaintiff's Motion as a Motion for Relief from Judgment under Rule 60(b).

Plaintiff has not explained how any of the grounds for relief from judgment listed in Rule 60(b) are applicable here. Plaintiff does not point to any newly discovered evidence, although he states he "moves the Court to reopen this matter based upon new evidence and consideration." ECF No. [16] at 1. Plaintiff suggests that, "because he was not notified of the actual dismissal of the matter prior to filing his response to the motion to dismiss[,]" he was not afforded a "a right to respond to a[n] attack against the party" or "a right to notice and to be heard, a due process right which is also fundamental." *Id.* at 2. However, the Complaint was dismissed because Plaintiff had not just the opportunity, but the obligation, to respond to Defendant's Motion to Dismiss. Plaintiff failed to respond to the Motion to Dismiss within the time period dictated by the Local Rules of the Southern District of Florida, thereby providing the Court with "sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1). Plaintiff does not argue that "mistake, inadvertence, surprise, or excusable neglect" explain his failure to respond to the Motion to Dismiss within the applicable time frame. *See* Fed. R. Civ. P. 60(b)(1). Contrary to Plaintiff's

assertion, he had the opportunity to be heard before the Court granted the Motion to Dismiss by default, but Plaintiff did not take advantage of that opportunity. Nor does he address the merits of the Defendant's Motion. Plaintiff also fails to explain why, despite receiving notice that the Court dismissed the Complaint on December 30, 2024, he waited more than six months to file the instant Motion. ECF No. [16] at 2. In addition to failing to articulate any reason why relief under Rule 60(b) is warranted, Plaintiff also failed to file the Motion "within a reasonable time[.]" Fed. R. Civ. P. 60(c)(1); *see Atl. Corp. of Wilmington, Inc. v. TBG Tech Co., LLC*, No. 21-cv-24317, 2022 WL 18495889, at *3  (S.D. Fla. Dec. 1, 2022) (waiting six months to file Rule 60(b)(4) motion was unreasonable). Therefore, the Motion is denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Reopen Case, **ECF No. [16],** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 21, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Raziel Ofer
3701 DeGarmo Lane
Coconut Grove, FL 33133
PRO SE